**FILED**

SEP 2 3 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>WARDEN B. HEDRICK, et al.,<br><br>        Defendants. | No. C 10-02226 JF (PR)<br><br>ORDER OF SERVICE; DENYING MOTION FOR REFERRAL TO EARLY SETTLEMENT PROGRAM; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK<br><br>(Docket No. 22) |

Plaintiff, an inmate currently incarcerated at the California State Prison - Folsom, in Represa, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials for unconstitutional acts. The Court dismissed the complaint with leave to amend to comply with the pleading requirements of the Federal Rules of Civil Procedure. (See Docket No. 16.) Plaintiff has filed an amended complaint. (Docket No. 17.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

1 | prisoner seeks redress from a governmental entity or officer or employee of a
2 | governmental entity. See 28 U.S.C. § 1 5A(a). In its review, the court must identify any
3 | cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
4 | claim upon which relief may be granted or seek monetary relief from a defendant who is
5 | immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
6 | liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
7 | 1988).

8 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
9 | elements: (1) that a right secured by the Constitution or laws of the United States was
10 | violated, and (2) that the alleged violation was committed by a person acting under the
11 | color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

13 |     Plaintiff claims that SVSP prison officials used excessive force against him on
14 | October 3, 2009, and that they "adopted a gross pattern of criminal corruption and the
15 | facilitation of the code of silence" in covering up their illegal conduct. (Compl., Attach.
16 | at 14.) Liberally construed, Plaintiff's claim is cognizable as a violation of his right
17 | against cruel and unusual punishment under the Eighth Amendment.

18 |     Plaintiff names Defendant Nurse Jane Doe in his complaint. Although the use of
19 | "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v.
20 | Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d
21 | 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants
22 | cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff
23 | should be given an opportunity through discovery to identify the unknown defendants,
24 | unless it is clear that discovery would not uncover their identities or that the complaint
25 | should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v.
26 | Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Defendant Nurse Jane
27 | Doe is DISMISSED from this action. If through discovery Plaintiff is able to identify the
28 | unknown defendant, he may then motion the Court for leave to amend to name the

1    intended defendant and to issue summons upon her. <u>See</u> <u>Gillespie</u>, 629 F.2d at 642;

2    <u>Barsten v. Dep't of the Interior</u>, 896 F.2d 422, 423-24 (9th Cir. 1990).

3    **C.    Motion for Referral to Early Settlement Program**

4            Plaintiff has filed a motion for referral to the Pro Se Early Settlement Program.

5    (Docket No. 22.)  The motion is DENIED without prejudice.  The Court will *sua sponte*

6    consider whether a referral is appropriate after dispositive motions have been filed.

7

8                                    **CONCLUSION**

9            For the reasons stated above, the Court orders as follows:

10           1.     The Clerk of the Court shall issue summons and the United States Marshal

11   shall serve, without prepayment of fees, a copy of the amended complaint in this matter,

12   (Docket No. 17), all attachments thereto, and a copy of this order upon **Defendants**

13   **Warden B. Hedrick, Lieutenant M. Atchiley, and Correctional Officers D. Murphy**

14   **and R. Carrasco at the Salinas Valley State Prison**.  The Clerk shall also <u>mail courtesy</u>

15   <u>copies</u> of the Complaint and this order to the California Attorney General's Office.

16           Defendant Nurse Jane Doe is DISMISSED from this action, as are Defendants Dr.

17   Gauch, Dr. Rowe, and Powell who have not been named as Defendants in the amended

18   complaint.  The Clerk shall terminate these defendants from this action.

19           2.     No later than **sixty (60) days** from the date of this order, Defendants shall

20   file a motion for summary judgment or other dispositive motion with respect to the claims

21   in the complaint found to be cognizable above, or, within such time, notify the Court that

22   Defendants are of the opinion that this case cannot be resolved by such a motion.

23                  a.     If Defendants elect to file a motion to dismiss on the grounds that

24   Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

25   § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

26   <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v.</u>

27   <u>Terhune</u>, 540 U.S. 810 (2003).

28                  b.     Any motion for summary judgment shall be supported by adequate

1   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

2   Civil Procedure. **Defendants are advised that summary judgment cannot be granted,**

3   **nor qualified immunity found, if material facts are in dispute. If Defendants are of**

4   **the opinion that this case cannot be resolved by summary judgment, they shall so**

5   **inform the Court prior to the date the summary judgment motion is due.**

6          3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

7   and served on Defendants no later than **thirty (30) days** from the date Defendants'

8   motion is filed.

9               a.      In the event Defendants file an unenumerated motion to dismiss

10  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

11              The Defendants have made a motion to dismiss pursuant to Rule
            12(b) of the Federal Rules of Civil Procedure, on the ground you have not
12          exhausted your administrative remedies. The motion will, if granted, result
            in the dismissal of your case. When a party you are suing makes a motion
13          to dismiss for failure to exhaust, and that motion is properly supported by
            declarations (or other sworn testimony) and/or documents, you may not
14          simply rely on what your complaint says. Instead, you must set out specific
            facts in declarations, depositions, answers to interrogatories, or documents,
15          that contradict the facts shown in the Defendant's declarations and
            documents and show that you have in fact exhausted your claims. If you do
16          not submit your own evidence in opposition, the motion to dismiss, if
            appropriate, may be granted and the case dismissed.
17

18              b.      In the event Defendants file a motion for summary judgment, the

19  Ninth Circuit has held that the following notice should be given to Plaintiff:

20              The defendants have made a motion for summary judgment by
            which they seek to have your case dismissed. A motion for summary
21          judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
            granted, end your case.
22              Rule 56 tells you what you must do in order to oppose a motion for
            summary judgment. Generally, summary judgment must be granted when
23          there is no genuine issue of material fact--that is, if there is no real dispute
            about any fact that would affect the result of your case, the party who asked
24          for summary judgment is entitled to judgment as a matter of law, which will
            end your case. When a party you are suing makes a motion for summary
25          judgment that is properly supported by declarations (or other sworn
            testimony), you cannot simply rely on what your complaint says. Instead,

26  ────────────────────

27      [1] The following notice is adapted from the summary judgment notice to be given to pro
    se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

1    This order terminates Docket No. 22.

2         IT IS SO ORDERED.

3    DATED: _____          _____

4                                             JEREMY FOGEL
                                              United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


BILLY DRIVER, JR..,

              Plaintiff,

   v.

B. HEDRICK, et al.,

              Defendants.

                                           /

Case Number: CV10-02226 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____9/23/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Billy Driver D-35391
CA State Prison-Folsom(New)
P.O. Box 290066
A4 Cell #A102
Represa, CA 95671-0066


Dated: _____9/23/11_____

                             Richard W. Wieking, Clerk

                             E. Garcia , Deputy Clerk