UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. C-10-2226 SI (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Warden B. HEDRICK; et al., | |
| Defendants. | |

## INTRODUCTION

In this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, Billy Driver, Jr., alleged that defendants used excessive force against him on October 3, 2009, and then covered up their illegal conduct. Defendants have filed a motion to dismiss on the ground that Driver failed to exhaust his administrative remedies. Driver has opposed the motion. For the reasons discussed below, defendants' motion to dismiss will be granted and the action dismissed without prejudice. Driver's motions for an emergency order for photocopying, for a medical release, and for a default judgment will be denied.

## BACKGROUND

Driver alleged in his first amended complaint that, on October 3, 2009, prison officials at Salinas Valley State Prison used excessive force against him. He further alleged that defendants covered up the use of force against him. *See, e.g.,* Docket # 17 (First Amended Com-

plaint), p. 17 (defendants adopted a "gross pattern of criminal corruption and the . . . facilitation of the code of silence" in not videotaping a medical interview after the use of force on him).

## DISCUSSION

A.   Motion To Dismiss

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Under the regulations that existed in 2009-2010, in order to exhaust available administrative remedies within this system, a prisoner was required to proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *See id.* at former § 3084.5; *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).[1]

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. *See Woodford v. Ngo*, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. A

---

[1] The regulations governing inmate grievances were amended, effective January 28, 2011. *See* note following 15 Cal. Code Regs. § 3084.7. The amendments that occurred after Driver's grievance activities are not relevant here.

defendant has the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20, citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). *See id. Wyatt* and *Ritza* allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Defendants have demonstrated in their motion to dismiss that Driver did not exhaust administrative remedies with regard to the claims asserted in the first amended complaint. The evidence in the record shows that Driver submitted three inmate appeals relating to the incident on October 3, 2009: a CDC-602 Inmate/Parolee Appeal form (i.e., a "CDC-602") about the use of force, a CDC-602 about the disciplinary decision related to the incident, and a CDC-602 about a health care issue. *See* Papan Decl., Ex. C (CDC-602 dated October 4, 2009 complaining about use of force (log number SVSP-L-09-03368)); Papan Decl., Ex. D (CDC-602 dated March 22, 2010 complaining about disciplinary hearing following incident (log number SAC-P-10-00475)); Papan Decl., Ex. F (health care grievance log number 32-D-09-13617). Driver did not receive a third level decision on any of these inmate appeals. The CDC-602 about the use of force (i.e., log number SVSP-L-09-3368) was screened out at the third level for missing documentation, and there is no evidence the appeal was resubmitted with the required documentation. *See* Lozano Decl., ¶¶ 9-11. The CDC-602 about the disciplinary decision (i.e., log number SAC-P-10-00475) was screened out at the third level for missing documentation, and there is no evidence that the appeal was resubmitted with the required documentation. *Id.* The health care grievance Driver submitted shortly after the incident (i.e., log number 32-D-09-13617) was rejected at the second level of review and was not submitted for third level review. *See* Zamora Decl., Ex. A at p. 12; Papan Decl., Ex. F. Defendants have met their burden to prove non-exhaustion.

In opposition to the motion to dismiss, Driver has argued that the rejections of his inmate

3

appeals were erroneous and obstructionist, that he was met with disdain and contempt following his efforts to pursue his CDC-602s, and that he was subjected to solitary confinement from October 25, 2007 through October 2010. *See* Opposition, p. 3. His alleged placement in solitary confinement is irrelevant insofar as it predates the October 3, 2009 incident. Also, regardless of any such placement and regardless of any bad attitude of prison officials, the evidence in the record shows that Driver was an energetic filer of inmate appeals and exhausted many of them, even if he did not exhaust the inmate appeals relating to the October 3, 2009 incident. Driver filed dozens of inmate appeals concerning health care matters in the March 2007 - April 2012 time period; and filed dozens of inmate appeals concerning other issues in the same time period. *See* Zamora Decl., Ex, A (listing more than 65 inmate appeals concerning health care matters filed by Driver in the March 2007 - April 2012 time period); Lozano Decl., Ex. A (listing 11 inmate appeals that were filed during time of alleged solitary confinement and for which third level responses were received); Lozano Decl., Ex. A (listing 11 additional inmate appeals submitted during time of alleged solitary confinement that were screened out for a variety of reasons). The evidence does not show that Driver was prevented from exhausting administrative remedies. Even if prison officials' conduct in preventing exhaustion could excuse non-exhaustion, Driver has not shown that defendants prevented him from exhausting administrative remedies.

The statute requires "proper exhaustion" of available administrative remedies, *Woodford v. Ngo*, 548 U.S. at 93, and in California that means pursuing an inmate appeal through to receipt of a director's level decision. Defendants carry their burden on their motion to dismiss by demonstrating that Driver never filed an inmate appeal that (a) concerned the claim that he was subjected to excessive force on October 3, 2009 and/or a cover-up thereafter and (b) received a decision at the director's level before he filed this action. The action must be dismissed.

B.   Plaintiff's Motions

Driver has filed an "urgent motion under Civil Local Rule 6-3(a) for an order for copying fee waivers and to direct court clerk to duplicate original documents filed in the court and mail

back filed original documents to plaintiff and defendants at state expense." The motion is DENIED. (Docket # 62.) The litigant, not the court, has the obligation to make photocopies of his filings and mail them to opposing counsel at the time of filing. Driver apparently has done so, as his opposition to the motion to dismiss that was filed a week after the urgent motion has a proof of service stating that a copy was sent to defense counsel.

Driver has filed a "motion for early medical release from the CDCR." (Docket # 63-5.) The motion is DENIED. The medical care events and omissions that form the basis for the motion occurred California State Prison - Sacramento, where Driver was then housed, and have nothing to do with the incident at Salinas Valley State Prison that is the subject of the first amended complaint in this action. If plaintiff wants to complain about his medical care, he may file a new civil rights action. A complaint about the medical care at the California State Prison - Sacramento should be filed in the U.S. District Court for the Eastern District of California, rather than in the Northern District.

Finally, Driver has filed a request for entry of default judgment against defendant Carrasco. The request is DENIED. (Docket # 48, # 49.) Defendant Carrasco has appeared in this action and filed a waiver of reply on December 23, 2011. *See* Docket # 42. Defendant Carrasco was not among the defendants listed on the motion to dismiss, although it is not clear whether this was an oversight by defense counsel, or whether two different attorneys from the California Attorney General's office represent the defendants. There is no need to clear up the confusion on this point, however, because defendant Carrasco is entitled to dismissal for the same reason the other defendants are: plaintiff's failure to exhaust administrative remedies. This action will be dismissed with regard to all defendants, including defendant Carrasco. *See generally Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (district court on its own motion may grant motion to dismiss as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. (Docket # 52.) This action is dismissed without prejudice to plaintiff filing a new action in compliance with any exhaustion requirement.

Plaintiff's motions for photocopies, for early medical release, and for entry of default judgment are DENIED. (Docket # 62, # 63-5, # 48, and # 49.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 6, 2012

SUSAN ILLSTON
United States District Judge